Daniel R. Watkins
Nevada State Bar No. 11881
dw@wl-llp.com
Theresa M. Santos
Nevada State Bar No. 9448
tsantos@wl-llp.com
WATKINS & LETOFSKY, LLP
8935 S. Pecos Rd., Ste. 22A
Henderson, NV 89074
Office:(702) 901-7553; Fax: (702) 974-1297
Attorneys for Plaintiff, Delmy Montano

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DELMY MONTANO,<br><br>           Plaintiff,<br><br>vs.<br><br>HARRAH'S LAS VEGAS, LLC. DBA HARRAH'S CASINO HOTEL, LAS VEGAS, a Nevada corporation; AND DOES 1-50, inclusive,<br><br>           Defendants. | Case No.: 2:21-cv- 01856<br><br>**COMPLAINT FOR DAMAGES**<br><br>**(DEMAND FOR JURY TRIAL)** |

   COMES NOW, Plaintiff, Delmy Montano, (herein "Plaintiff") and files this civil action against Defendants, and each of them, for violations of The American with Disabilities Act, 42 U.S.C. §12112 et seq., as well as violations under Nevada Revised Statutes §613.330 et seq.; and related claims under Nevada law, seeking damages, and alleges as follows:

   1.   This Court has jurisdiction and venue over this action pursuant to the Americans with Disabilities Act, 42 U.S.C. §12101 et seq., and 28 U.S.C. §§ 1331, 1343, 42 U.S.C. §2000e which confer original jurisdiction on federal district courts in suits to address the deprivation of rights, privileges and immunities secured by the United States Constitution and federal law.

   2.   Jurisdiction of this Court is also appropriate under any related claims under Nevada law.

3. Supplemental Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1367 over the state law claims which are so related to the federal claims in this action that they form part of the same case or controversy under Article III of the United States Constitution.

4. Plaintiff has exhausted her administrative remedies.

5. All conditions precedent to jurisdiction under section 29 U.S.C. §621 et seq. have occurred or been complied with:

    a. A charge of employment discrimination was filed with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the commission of the unlawful employment practice alleged herein and / or within 300 days of Plaintiff instituting proceedings with a State or local agency with authority to grant or seek relief from such unlawful employment practices alleged herein;

    b. A Notice of Right to Sue in Federal Court was received from the EEOC, dated July 29, 2021.  (A true and correct copy of said letter is attached and incorporated herein as Exhibit "1".)

6. This complaint is filed within 90 days of receipt of the EEOC's Notification of Right to Sue.

7. Venue is proper in the District of Nevada because the unlawful employment practices alleged herein were committed in whole or in part in the District of Nevada pursuant to 28 U.S.C. § 1391(b).

## PARTIES

### PLAINTIFF

8. Plaintiff, Delmy Montano, (hereinafter "Plaintiff"), was a qualified/eligible "employee" of Defendant, Harrah's Las Vegas, LLC., d/b/a Harrah's Casino Hotel Las Vegas within the meaning of Nevada Revised Statutes §608.010 and 613.010 et seq. and resided in Clark County, Nevada.

### DEFENDANTS

9. Defendant, Harrah's Las Vegas, LLC., d/b/a Harrah's Casino Hotel Las Vegas, (hereinafter "Harrah's" or "Defendant") is a Delaware corporation, qualified to do business in

1  Clark County.  Defendant employs 15 or more employees and as such, is an "employer" within
2  the meaning of Nevada Revised Statutes §608.011 and 613.310.  Defendant has offices located at
3  One Caesars Palace Dr., Las Vegas, NV 89109.

4      10.  Plaintiff is ignorant of the true names and capacities, whether individual, corporate,
5  associate, or otherwise, of DOES 1 through 50, inclusive. The Plaintiff is informed and believes
6  and thereon alleges that each of the fictitiously named Defendants are in some way responsible
7  for, or participated in, or contributed to, the matters and things complained of herein, and is
8  legally responsible in some manner. Plaintiff will seek leave to amend this Complaint when the
9  true names, capacities, participation, and responsibilities have been ascertained.

10     11.  Plaintiff is informed and believes, and thereon alleges, that at all times herein
11 mentioned, the defendants named in this action, as well as the fictitiously named defendants, and
12 each of them, were agents and employees of the remaining defendants, and in doing the things
13 hereinafter complained of, were acting within the course and scope of such agency and/or
14 employment and with the knowledge and consent of the remaining defendants.

15 **STATEMENT OF FACTS**

16     12.  Plaintiff is a former employee of Defendant.  She began working as a
17 housekeeper/guest room attendant for Defendant on or about May 10, 2018.

18     13.  On or about October 11, 2019, Plaintiff slipped and fell while at work.  Plaintiff
19 was transported to the hospital by ambulance.  She was approved for light duty with modified
20 restrictions, from October 13, 2019, until October 21, 2019.

21     14.  Plaintiff's physician extended her modified light duty status from October 21, 2019,
22 to October 28, 2019.

23     15.  On or about October 14, 2019, Plaintiff returned to work.  Plaintiff's manager
24 instructed her to clean all the rooms on her schedule or go home.  Two hours into her shift,
25 Plaintiff's manager, Avila, instructed her to go home.

26     16.  Plaintiff was docked two attendance point for leaving work early.
27 //
28 //

17. On or about October 15, 2019, Defendant notified Plaintiff that she was suspended pending investigation.

18. Shortly thereafter, Plaintiff filed a grievance with her union, alleging that she was being retaliated against for requesting an accommodation.

19. On or about October 24, 2019, Plaintiff met with Defendant's Human Resources representative. The human resources representative informed her that she was being discharged because Defendant could not accommodate her.

20. Plaintiff was aware of multiple occasions when housekeepers/guest room attendants requested light duty accommodations and Defendant had granted those accommodations.

21. The despicable tactics of Defendant caused a substantial burden to Plaintiff's rights and caused Plaintiff to suffer significant emotional distress, embarrassment, and humiliation, in addition to financial loss.

## COUNT I

## INTERFERENCE AND DISCRIMINATION WITH AMERICANS WITH

## DISABILITIES ACT
**Americans with Disabilities Act (42 U.S.C. §12101 et seq.)**
**NV Rev. Stat. §613.330 *et seq*.**
**(Against All Defendants)**

22. Plaintiff hereby incorporates paragraphs 1 through 21 of this Complaint as though fully set forth herein.

23. At all times material hereto, Plaintiff was an employee covered by and within the meaning of Title I of the Americans with Disabilities Act of 1990 (ADA) 42 USC 12111(4)).

24. At all times material hereto, Plaintiff was and is an individual with a disability within the meaning of §3(2) of the ADA, 42 USC 12102(2).

25. Plaintiff was a qualified individual with a disability as that term is defined in the ADA, 42 USC 12111(8).

26. Plaintiff's injury was a physical impairment that substantially limited one or more major life activities.

27. Defendant was aware of Plaintiff's disability.

28. Plaintiff's disability, and/or record of a disability, and/or perceived disability was a factor that made a difference in Defendant's decision to discharge her.

29. The actions of Defendant were intentional and willful, in deliberate disregard of and with reckless indifference to the rights and sensibilities of Plaintiff.

30. As a direct and proximate result of Defendant's violation of Plaintiff's rights as alleged, Plaintiff's terms, conditions, and privileges of employment were adversely affected.

31. As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiff has sustained injuries and damages including but not limited to, loss of earnings and earning capacity; loss of career opportunities; loss of fringe benefits; mental anguish, physical and emotional distress; humiliation and embarrassment; loss of the ordinary pleasures of everyday life, including the right to pursue the gainful employment of her choice.

32. Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT II

## DISABILITY DISCRIMINATION – FAILURE TO ACCOMMODATE

**Americans with Disabilities Act (42 U.S.C. §12101 et seq.)**
**NV Rev. Stat. §613.330** *et seq.*
**(Against All Defendants)**

33. Plaintiff hereby incorporates paragraphs 1 through 32 of this Complaint as though fully set forth herein.

34. The Americans with Disabilities Act, 42 U.S.C. §12101, et. seq., prohibits employers from discriminating against qualified individuals because of a disability "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." (42 U.S.C. §12112).

35. Plaintiff had a disability within the meaning of the Americans with Disabilities Act ("ADA"). A "disability" under the ADA is a physical or mental impairment or being regarded as having a physical or mental impairment that substantially limits one or more of the major life activities of such individual. The terms disability and physical or mental impairment include (1) any physiological disorder, or condition affecting one or more of the following body systems:

neurological, musculoskeletal, and others; or (2) any mental or psychological disorder such as emotional or mental illnesses, among others.

36. Plaintiff was a qualified individual, meaning an individual with a disability who, with or without a reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires. At all times during her employment, Plaintiff satisfied the requisite skill, experience, education and other job-related requirements of the employment position and could perform the essential functions of the position, with or without reasonable accommodations.

37. Due to her actual disability under the ADA, Plaintiff required a reasonable accommodation that would allow her to meet these necessities. Such reasonable accommodations were available and would not have constituted an undue hardship on the operation of Defendant's business.

38. Plaintiff requested a reasonable accommodation.

39. Defendant did not engage in the interactive process in good faith.

40. Defendant engaged in a practice of discriminating against Plaintiff as a result of Plaintiff's disability. Defendant's unlawful discrimination against Plaintiff included refusing to engage in the interactive process to identify light duty work available.

41. Defendant, through its agents or supervisors, failed to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts and failures to act of Defendant as described above, thereby ratifying the unlawful conduct of its agents or supervisors.

42. Defendant's actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's federally protected rights.

43. Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT III

## TORTIOUS DISCHARGE

44. Plaintiff hereby incorporates paragraphs 1 through 43 of this Complaint as though fully set forth herein.

//

45. Nevada's worker's compensation laws reflect a clear public policy favoring economic security for employees injured while in the course and scope of their employment. *Hansen v Harrah's* 100 Nev. 60, 675 P.2d 394 (1984).

46. A retaliatory discharge of an employee in reaction to the filing of a workmen's compensation claim is actionable in tort. *Hansen v Harrah's* 100 Nev. 60, 675 P.2d 394 (1984).

47. Defendant deliberately interfered with PLAINTIFF'S statutorily protected right to seek worker's compensation benefits by discharging her from employment after she sustained a work injury.

48. Defendant's unlawful actions were intentional, malicious, oppressive and/or fraudulent.

49. Plaintiff requests relief as described in the Prayer for Relief below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Delmy Montano, prays that this Court grant the following relief:

50. Grant general and special damages in amounts according to proof.

51. Grant liquidated damages in amounts according to proof.

52. Grant punitive damages.

53. Grant reasonable attorneys' fees.

54. Grant costs of suit incurred herein; and

55. Grant such other and further relief as the court deems just and proper.

DATED this 7th day of October 2021    WATKINS & LETOFSKY, LLP

                                                     */s/ Daniel R. Watkins*
By: _____
                Daniel R. Watkins, Esq.
                Theresa M. Santos, Esq.
                Attorneys for Plaintiff, Delmy Montano

**REQUEST FOR JURY TRIAL**

Pursuant to Federal Rules of Civil Procedure 38(b) and 42 U.S.C. §1981a, Plaintiff demands a trial by jury in this action on all issues so triable.

DATED this 7th day of October 2021    WATKINS & LETOFSKY, LLP

By: _/s/ Daniel R. Watkins_
_____
Daniel R. Watkins, Esq.
Theresa M. Santos, Esq.
Attorneys for Plaintiff, Delmy Montano

# Exhibit 1

**NOTICE OF RIGHT TO SUE**
**DATED July 29, 2021**

EEOC Form 161-B (11/2020)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**NOTICE OF RIGHT TO SUE** *(ISSUED ON REQUEST)*

| To: | Delmy Montano | From: | Los Angeles District Office<br>255 E. Temple St. 4th Floor<br>Los Angeles, CA 90012 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 34B-2020-00226 | Karrie L. Maeda,<br>State, Local & Tribal Program Manager | (213) 785-3002 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Karrie L. Maeda
Digitally signed by Karrie L. Maeda
Date: 2021.07.29 15:10:33 -07'00'

For Rosa M. Viramontes,
District Director

July 29, 2021
(Date Issued)

Enclosures(s)

cc:  Donna Becker
Paralegal - Labor & Employment
CAESARS ENTERTAINMENT
One Caesars Palace Dr.
Las Vegas, NV 89109